```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
FARRELL FRITZ, P.C.,

                Plaintiff,           MEMORANDUM & ORDER
                                     09-CV-0701 (JS)(ETB)
       - against –

BRUCE J. MABEY,
                Defendant.
----------------------------------x
APPEARANCES:
For Plaintiff:    Franklin C. McRoberts, IV, Esq.
                  James M. Wicks, Esq.
                  Farrell Fritz, P.C.
                  1320 RXR Plaza
                  Uniondale, NY 11556

For Defendant:    Bruce J. Mabey, pro pe
                  4236 Mount Olympus Way
                  Salt Lake City, UT 84122
```

SEYBERT, District Judge

Farrell Fritz, P.C. ("Plaintiff"), a New York law firm, sued Bruce J. Mabey ("Defendant"), a citizen of the State of Utah, for unpaid legal bills. Pending before the Court is Plaintiff's unopposed motion for summary judgment; for the following reasons this motion is GRANTED.

## BACKGROUND

The following summary is based on the undisputed facts as set forth in Plaintiff's papers. As required when moving for summary judgment against a pro se litigant, Plaintiff sent Defendant "notice of the requirements of Rule 56." Irby v. N.Y.C. Transit Auth., 262 F.3d 412, 414 (2d Cir. 2001).

Defendant has not responded to Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts, or otherwise opposed Plaintiff's motion. Accordingly, to the extent Plaintiff's facts are supported by admissible evidence, they are deemed admitted. See LOCAL CIV. R. 56.1(c); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

In early 2008, Defendant retained Plaintiff to represent him in litigation pending in the United States District for the Eastern District of New York. (Pl. 56.1 Stmt. ¶ 3.) Defendant signed an engagement letter in connection with this representation. (Id. at ¶ 3.) The engagement letter provided that Plaintiff would "render statements on a monthly basis, and the statements will describe the services rendered in the prior month, together with any disbursements incurred. Disbursements include such items as filing fees, overnight mail services, messenger services, and the like. Our statements are due and payable upon receipt." (Id. at ¶ 5.)

Plaintiff provided Defendant with legal services. Among other things, Plaintiff filed an answer, made Court appearances, and engaged in motion practice. (Id. at ¶¶ 6-8.) In accordance with the engagement letter, Plaintiff sent Defendant monthly statements for those legal services. (Id. at ¶

2

9.) The invoices totaled $83,194.25. (Id. at ¶¶ 10-18.) Apart from a minimal amount,[1] Defendant did not pay Plaintiff for the services, (id. at ¶¶ 19, 24), nor did he dispute or object to any of the invoices (id. at ¶¶ 20-23). Plaintiff was eventually granted permission to withdraw as attorney of record in Defendant's litigation. (Id. at ¶ 26.)

Having received no further payment from Defendant, Plaintiff filed this action seeking the balance of $80,194.25. Defendant filed an answer, but has not defended this action further. Plaintiff now moves for summary judgment. As required in cases of pro se litigants, Plaintiff sent notice to Defendant explaining the procedures of a summary judgment motion and the consequences of not responding. (Docket No. 15, Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment.) Nonetheless, Defendant has not opposed the motion.

## DISCUSSION

The Court first addresses subject matter jurisdiction and then considers the merits of Plaintiff's motion.

I. Subject Matter Jurisdiction

As an initial matter, the Court has diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Notwithstanding Defendant's vague denial of subject matter

---

[1] Defendant made two payments to the firm, totaling $3,000: A retainer of $2,000 and a payment of $1,000. (Pl. 56.1 Stmt. ¶ 25.)

3

jurisdiction, (Answer ¶ 2[2]), there is no genuine dispute that Defendant is a domiciliary of Utah, (id. at ¶ 1), and that Plaintiff is a corporation located in New York (id.). Inasmuch as the amount in controversy exceeds $75,000, Plaintiff satisfies the requirements for diversity jurisdiction.

II. Summary Judgment Standard of Review

The Court shall grant a motion for summary judgment pursuant to Rule 56 if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The burden of showing that there is no genuine issue of material fact rests with the moving party. McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (citing Adicks v. S.H. Kress & Co., 398 U.S. 144, 161, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)); see also Christman v. Utica Nat. Ins Group, 375 F. Appx. 106 (2d Cir. 2010). In determining whether the moving party has met this burden, "the court is required to resolve all ambiguities in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. Once the moving party has established that there is no genuine issue of material fact, "the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir.

---

[2] Defendant served his Answer on the Plaintiff, but never filed it with the Court. The Answer was electronically filed by Plaintiff. (Docket No. 5, Ex. A).

4

2000) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202).

Even though its motion is unopposed, Plaintiff does not necessarily win by default. Local Rule 56.1 requires that a moving party submit a statement of alleged undisputed facts. Where, as here, the "nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion [this Court] may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." <u>Amaker v. Foley</u>, 274 F.3d 677, 681 (2d Cir. 2001); <u>see</u> <u>also</u> <u>Champion v. Artuz</u>, 76 F.3d 483, 486 (2d Cir 1996) ("The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is granted automatically.").

III. <u>Plaintiff's Summary Judgment Motion</u>

Plaintiff moves for summary judgment on each of his three claims: breach of contract, account stated, and unjust enrichment.

A. <u>Breach of Contract</u>

Under New York law,[3] a Plaintiff alleging breach of contract must show (1) the existence of a contract, (2) due

---

[3]The Court notes that, as in many diversity cases, there exists here the possibility of a conflict of law problem. However,

5

performance of the contract, (3) breach by the Defendant, and (4) damages. See Clearmont Prop., LLC v. Eisner, 58 A.D. 3d 1052, 1055, 872 N.Y.S. 2d 725 (3d Dep't 2009); see also Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004); see also Log On Am., Inc. v. Promethean Asset Mgmt. LLC, 223 F. Supp. 2d 435, 451 (S.D.N.Y. 2001). The undisputed facts establish each of these elements.

Plaintiff has established that Defendant and Plaintiff entered into a valid contract by which Plaintiff promised to represent Defendant's legal interests. In consideration of this promise, Defendant promised to pay for those services. (Pl. 56.1 Stmt. ¶ 3.) This agreement was embodied in a document on Plaintiff's letterhead and signed by both parties. (Pl. Ex. 4.) Plaintiff performed its contractual obligations by making "[c]ourt appearances on [Defendant's] behalf, and engaging in motion practice relating to venue and discovery." (Pl. Ex. 1 at ¶ 10.) Defendant breached the contract by failing to pay his bills. (Id. at ¶¶ 27-28.) Plaintiff's damages are $80,194.25, the amount of Defendant's outstanding debt. (Id. at ¶ 32; see also Pl. Ex. 5-13.)

---

Plaintiff's unopposed arguments are made on the basis of New York law, and Defendant makes no claim of any conflict, thereby obviating any need for the Court to conduct a choice of law analysis. See Totalplan Corp. of Am. v. Colborne, 14 F.3d 824, 832 (2d Cir. 1994)(quoting Intercontinental Mon. Corp., v. Performance Guar., Inc., 705 F. Supp. 144, 147 (S.D.N.Y. 1989)).

6

B. Plaintiff's Remaining Claims

Because the Court has found that Plaintiff is entitled to recover on its breach of contract claim, it need not reach Plaintiff's remaining claims because Plaintiff may not be placed "in a better position than [it] would have been in had the contract been satisfactorily performed." Ostano Commerzanslat v. Telewide Systems Inc., 880 F.2d 642, 649 (2d Cir. 1989) (prohibiting double recovery in a breach of contract case); Meyer v. Ahmad, No. 08-CV-5147, 2009 WL 6055842, at *4 (E.D.N.Y. Oct. 1, 2009) ("[A] plaintiff seeking compensation for the same injury under different legal theories is of course entitled to only one recovery." (citing Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir 1997)).

C. Statutory Prejudgment Interest Under New York Law

"In a diversity case, prejudgment interest is controlled by the rule of the jurisdiction whose law determines liability." Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451, 456-57 (S.D.N.Y. 2007) (internal citations omitted). Under New York law, prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001. In a breach of contract action for unpaid legal fees, that date is the date of the unpaid invoice. Todtman, 241 F.R.D. at 457 (awarding interest on a plaintiff law firm's claim for unpaid legal bills from "the

date of the plaintiff's unpaid invoice"); <u>Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff</u>, 638 F. Supp. 714, 721 (S.D.N.Y. 1986) (awarding interest from the date of final demand for total amount due). Accordingly, Plaintiff's request for prejudgment interest at the statutory rate (9% per annum) is GRANTED; interest is to be calculated from November 21, 2008, the date of Plaintiff's last bill to Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiff Farrell Fritz, P.C., against Defendant Bruce J. Mabey in the amount of $80,194.25 plus 9% prejudgment interest from November 21, 2008. The Clerk of the Court is directed to mail Defendant a copy of this Memorandum & Order and to mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

DATED: November \_\_23\_\_, 2011
       Central Islip, New York